IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KIMAUJAY ROBINSON                                                                           PLAINTIFF

v.                                           Civil No. 4:22-cv-04021

MINORS, Warden, (ACC) SWACCC Unit;
ACC (SWACC); and DEPUTY STEWART,
Corporal SWACCC                                                                            DEFENDANTS

## ORDER

Plaintiff, Kimaujay Robinson, filed this 42 U.S.C. § 1983 action *pro se* on February 25, 2022, in the Eastern District of Arkansas. (ECF No. 2). On March 1, 2022, the case was transferred to the Western District of Arkansas, Texarkana Division. (ECF No. 4). That same day, Plaintiff's application to proceed *in forma pauperis* was granted. (ECF No. 6). Before the Court is Plaintiff's failure to comply with an order of the Court and failure to keep the Court informed of his address.

On March 2, 2022, the Court ordered Plaintiff to file an amended complaint by March 23, 2022, to clarify his claims. (ECF No. 8). The order informed Plaintiff that failure to comply could result in the case being dismissed without prejudice. Plaintiff did not file an amended complaint, and the order directing him to do so has not been returned as undeliverable.

On April 4, 2022, the Court entered an order directing Plaintiff to show cause by April 25, 2022, as to why he failed to comply with the Court's order directing him to file an amended complaint. (ECF No. 9). On April 12, 2022, this order was returned to the Court as undeliverable, noting "RETURN TO SENDER NO LONGER AT THIS ADDRESS." (ECF No. 10).

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey an order of the Court and failed to keep the Court informed of his address. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed.

Accordingly, Plaintiff's Complaint (ECF No. 2) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED,** this 24th day of May, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge